IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | | |
|---|---|---|
| HARRIS CONTOS<br><br>Plaintiff,<br><br>v.<br><br>CITIZENS DISABILITY LLC,<br><br>Defendant. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) | Case No. |

**NOTICE OF REMOVAL**

Pursuant to 28 U.S.C. §§ 1331, 1441, and 1446, Defendant Citizens Disability LLC ("Citizens Disability") hereby removes this case from the Barnstable District Court ("State Court"), to the United States District Court for the District of Massachusetts. In support of this notice of removal, Citizens Disability states as follows:

**I. NOTICE OF REMOVAL**

1. Citizens Disability exercises its rights under the provisions of 28 U.S.C. §§ 1331, 1441, and 1446 to remove this case from the State Court in which the case was filed under the name and style, Harris Contos v. Citizens Disability LLC, Case No. 2025-CV-000001.

2. 28 U.S.C. § 1441(a) provides that "any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the district court of the United States for the district and division embracing the place where such action is pending."

3. Plaintiff initiated this civil action in the State Court. Specifically, on or about January 2, 2020, plaintiff Harris Contos ("Plaintiff") filed a Complaint in the State Court against Citizens Disability. The case has not been tried.

4. Plaintiff delivered a copy of the Summons and the Complaint to Citizens Disability on or about January 3, 2020. A true and accurate copy of the Summons and Complaint served on Citizens Disability is attached hereto as Exhibit A.

## II. SUBJECT MATTER JURISDICTION

5. The Court has subject matter jurisdiction over this matter and this case is properly removed to this Court pursuant to 28 U.S.C. §§ 1331 and 1367 because the Complaint arises under, or relates to, the laws of the United States.

### A. Federal Question Jurisdiction Under 28 U.S.C. § 1331

6. 28 U.S.C. § 1331 states that "[t]he district courts shall have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States."

7. Removal here is proper under 28 U.S.C. § 1441(a) because the Court has original jurisdiction over Plaintiff's claims arising under federal law.

8. Specifically, Plaintiff's Complaint purports to assert claims under the federal Telephone Consumer Protection Act, 42 U.S.C. § 227 ("TCPA").

9. Plaintiff's alleged TCPA claim arises under federal law so as to present a federal question within the meaning of 28 U.S.C. § 1331, and thus this case is properly removed to this Court. See Mims v. Arrow Fin. Servs., LLC, 132 S. Ct. 740, 747 (2012) (TCPA claims arise under federal law, such that federal courts have federal question jurisdiction over TCPA claims).

### B. Supplemental Jurisdiction Under 28 U.S.C. § 1367

10. 28 U.S.C. § 1367 states that "in any civil action of which the district courts have original jurisdiction, the district courts shall have supplemental jurisdiction over all other claims that are so related to claims in the action within such original jurisdiction that they form part of the same case or controversy."

11. In addition to asserting a claim under the TCPA, Plaintiff purports to assert state law claims under the M.G.L. c. 93A; M.G.L. c. 214 §1B; and M.G.L. c. 159C § 3 based upon the exact conduct that gives rise to his alleged federal TCPA claim.

12. The state law claim is directly related to the federal law claim as it arises from the same alleged telephone calls, both claims rely upon the same factual allegations, and both claims are interrelated to the controversy giving rise to this action.

13. Accordingly, because the state law claims are so related to the federal law claim, the court has jurisdiction over all of the claims in this action under 28 U.S.C. § 1367.

## III. PROCEDURAL COMPLIANCE

14. In accordance with the requirements of 28 U.S.C. § 1446(b), this Notice of Removal is filed within thirty (30) days after receipt by Defendant of a copy of the summons and the initial pleadings setting forth the claims for relief on which this removal is based.

15. Pursuant to 28 U.S.C. § 1441 et seq., the right exists to remove this case from the State Court to the United States District Court for the District of Massachusetts, which embraces the place where the action is pending.

16. The United States District Court for the District of Massachusetts embraces the county in which the state court action is now pending, and thus, this Court is a proper venue for this action pursuant to 28 U.S.C. § 84(b).

17. No previous application has been made for the relief requested herein.

18. Pursuant to the provisions of 28 U.S.C. § 1446(a), included within the attached Exhibit A is a copy of the Complaint bearing Case No. 2025-CV-000001, filed in the State Court.

19. As required by 28 U.S.C. § 1446(d), a copy of this Notice of Removal is being promptly served upon Plaintiff, and a copy is being filed with the Clerk of the State Court.

20. Pursuant to 28 U.S.C. § 1446(a) and USDC MA Local Rule 81.1(a), legible copies of all records and proceedings from the State Court will be filed with this Court within twenty-eight (28) days after filing this Notice of Removal.

WHEREFORE, Citizens Disability respectfully requests that the Court assume jurisdiction over this matter and that no further proceedings be held in the State Court. In the event that any question arises as to the propriety of removal, Citizens Disability requests the opportunity to submit briefs and be heard at argument in support of its position that removal is proper.

Respectfully submitted,
Citizens Disability, LLC,
By his Attorneys,

/s/ *Richard E. Levine*

Richard E. Levine, Esq. BBO# 672675
Liam C. Floyd, Esq. BBO #559021
Stanzler Levine, LLC
65 William Street, Suite 205
Wellesley, MA 02481
(617) 482-3198
rlevine@stanzerlevine.com
lfloyd@stanzlerlevine.com

# EXHIBIT A




KOC / ALL
Transmittal Number: 20923332
Date Processed: 01/06/2020

# Notice of Service of Process

| | |
|---|---|
| Primary Contact: | Andrew Wolfer<br>Citizens Disability, LLC<br>1075 Main Street<br>4TH Fl<br>Waltham, MA 02451 |
| Electronic copy provided to: | Robert Schwartz Jr. |
| Entity: | Citizens Disability, LLC<br>Entity ID Number 2914649 |
| Entity Served: | Citizens Disability, LLC |
| Title of Action: | Harris Contos vs. Citizens Disability, LLC |
| Document(s) Type: | Summons/Complaint |
| Nature of Action: | Violation of State/Federal Act |
| Court/Agency: | Barnstable County District Court, MA |
| Case/Reference No: | 2025CV000001 |
| Jurisdiction Served: | Massachusetts |
| Date Served on CSC: | 01/03/2020 |
| Answer or Appearance Due: | 20 Days |
| Originally Served On: | CSC |
| How Served: | Personal Service |
| Sender Information: | Harris Contos<br>508-775-9339 |

Information contained on this transmittal form is for record keeping, notification and forwarding the attached document(s). It does not constitute a legal opinion. The recipient is responsible for interpreting the documents and taking appropriate action.

**To avoid potential delay, please do not send your response to CSC**

251 Little Falls Drive, Wilmington, Delaware 19808-1674 (888) 690-2882 | sop@cscglobal.com

**Commonwealth of Massachusetts**
**Barnstable District Court**
3195 Main Street, Route 6a
P.O. Box 398
Barnstable, MA 02630

Harris Contos,
PLAINTIFF(S),

CIVIL NO.

v.

**SUMMONS**

Citizens Disability, LLC,
DEFENDANT(S)

THIS SUMMONS IS DIRECTED TO Citizens Disability, LLC.
(Defendant's name)

1. **This Notice is to inform you that you are being sued.** The person or business suing you is known as the Plaintiff. A copy of the Plaintiff's Complaint against you is attached and the original has been filed in the Barnstable Division of the District Court Department. You must respond to this lawsuit in writing. If you do not respond, the Plaintiff may obtain a court order requiring you to pay money or provide other relief.

2. **You must respond within 20 days to protect your rights.** In order to protect your right to defend yourself in this lawsuit, you must deliver or mail a written response called an "Answer" to both the "Clerk's Office for Civil Business, Barnstable District Court, P.O. Box 398, Barnstable, MA 02630" and to the individual below:

Harris Contos (name of Plaintiff or Plaintiff's attorney), at 21 Bob-O-Link Lane W. Yarmouth MA 02673 (address)

Your Answer must be delivered or mailed within 20 days from the date the Summons was delivered to you. If you need more time to respond, you may request an extension of time in writing from the Court.

3. **Your Answer must respond to each claim made by the Plaintiff.** Your Answer is your written response to the statements made by the Plaintiff in the Complaint. In your Answer you must state whether you agree or disagree with each paragraph of the Complaint. You may agree with some of the things the Plaintiff says and disagree with other things. You may also say that you do not know whether one (or more) of the statements made in the Plaintiff's Complaint is true. If you want to have your case heard by a jury, you must **specifically** request a jury trial in your Answer. Even if you agree that you owe what is claimed, sending an Answer will provide you with an opportunity to participate and explain your circumstances.

4. **You must list any reason why you should not have to pay the Plaintiff what the Plaintiff asks for.** If you have any reason(s) why the Plaintiff should not get what the Plaintiff asks for in the Complaint, you must write those reasons (or "defenses") in your Answer.

A True Copy Attest

5. **You may lose this case if you do not send an Answer to the Court and the Plaintiff.** If you do not mail or deliver the Answer within 20 days, you may lose this case. You will have no opportunity to tell your side of the story and the Court may order that the Plaintiff receive everything requested in the Complaint. The Court may allow a motion permitting the Plaintiff take your property and/or wages. If you respond to the Complaint and appear at the hearing, you will get an impartial hearing by a judge. Even if you choose to discuss this matter with the Plaintiff (or the Plaintiff's lawyer), you should still send your Answer **within 20 days.** Even if you file an Answer, you can still reach an agreement with the Plaintiff.

6. **Legal Assistance.** You may wish to get legal help from a lawyer. **If you cannot get legal help, you must still provide a written Answer to protect your rights or you may lose the case.** You may also obtain information at www.mass.gov/courts/selfhelp.

7. **You can also sue the Plaintiff.** If you believe the Plaintiff owes you money or has harmed you in some way related to the lawsuit, you must describe that in your Answer. If you do not include these claims (called "Counterclaims") in your written response, **you may lose your ability to sue the Plaintiff** about anything related to this lawsuit.

8. **You or your attorney must attend all court hearings.** If you send your Answer to the Court and the Plaintiff, you will protect your rights. The Court will send you a notice telling you the date, time, and place of an impartial hearing before a judge. The judge will hear **both** sides of any arguments and schedule any additional hearings.

9. The civil number appearing on the front of this notice is the case docket number and must appear on the front of your Answer.

Witness Hon John M. Julian (First Justice) on ____________, 20____.

(SEAL) ____________________ ~~Clerk-Magistrate~~ Charles J. Ardito, III

Note: The number assigned to the Complaint by the Clerk-Magistrate at the beginning of the lawsuit should be indicated on the summons before it is served on the Defendant.

**RETURN OF SERVICE**

(for use by person making service)

On ____________, 20____, I served a copy of the within summons, together with a copy of the Complaint in this case, upon the named defendant in the following manner:

☐ Last and usual at (address)*

____________________ (signature)

____________________ (name and title)

☐ In hand

____________________ (address)

☐ Other:

***Please place date you make service in this box and on copy served on defendant and return original to this Court:*** 1-3-20

*If service is made at the last and usual place of abode, the officer shall forthwith mail first class a copy of the summons to such last and usual place of abode, and shall set forth in the return the date of mailing and the address to which the summons was sent. (G.L. c. 223, § 31)

# Commonwealth of Massachusetts

**BARNSTABLE, SS.**

**DISTRICT COURT DEPARTMENT**
**BARNSTABLE DIVISION**
**CIVIL ACTION NO.:** 2025CV000001

**Harris Contos,**

**PLAINTIFF**

**v.**

**Citizens Disability, LLC.**

**DEFENDANT**

**CIVIL COMPLAINT**

## COMPLAINT AND DEMAND FOR JURY TRIAL

1. Plaintiff Harris Contos is an individual who resides at 21 Bob-O-Link Lane, West Yarmouth, Barnstable County, Massachusetts.

2. Defendant Citizens Disability, LLC is a corporation with a primary place of business at 1075 Main St., 4th Floor, Waltham, Massachusetts.

3. This is a consumer privacy action for violation of the Federal and Massachusetts "Do Not Call" statutes and regulations, 47 U.S.C. 227, 47 C.F.R. § 64.100(c)(2), 47 C.F.R. § 64.1200(b)(1), and 47 C.F.R. § 64.1200(d)(4), G.L. c. 159C § 3, and 201 CMR 12.02 and 12.04, as well as the Massachusetts consumer protection statute, G.L. c. 93A § 2 et seq.

4. Plaintiff's cell phone number has been registered with the Massachusetts and the Federal "Do Not Call" lists since January 1, 2004 and June 30, 2003, respectively.

5. At no time has Plaintiff ever had a business relationship with Defendant or its agents, nor has he ever consented to receiving telephone calls therefrom.

6. From July 31, 2019 through September 19, 2019, Plaintiff received twenty-two (22) unsolicited calls for the commercial purpose of selling Defendant's consumer goods and services to his cell phone from numbers associated with Citizens Disability on dates and times as detailed below:
   - 508-251-5114 on August 1, 2019 at 12:56 p.m.; August 13, 2019 at 5:24 p.m.; August 26, 2019 at 5:36 p.m.; and August 28, 2019 at 12:39 p.m.
   - 508-306-8419 on August 6, 2019 at 4:16 p.m.; August 19, 2019 at 2:54 p.m.; August 30, 2019 at 1:55 p.m.; and September 19, 2019 at 3:19 p.m.
   - 508-576-5193 on August 5, 2019 at 3:22 p.m.; August 7, 2019 at 1:04 p.m.; August 12, 2019 at 11:13 a.m.; and August 14, 2019 at 1:02 p.m.

- 508-576-5618 on August 8, 2019 at 6:06 p.m.; August 13, 2019 at 12:55 p.m.; August 22, 2019 twice at 3:04 p.m.; and September 3, 2019 at 5:48 p.m.
- 508-576-5621 on August 1, 2019 at 5:52 p.m.; and August 9, 2019 at 10:41 a.m.
- 508-694-9652 on September 12, 2019 at 12:12 p.m.
- 508-952-6573 on July 31, 2019 at 3:02 p.m.; and August 2, 2019 at 1:45 p.m.

7. On October 1, 2019 Plaintiff sent a Demand for Settlement to Defendant pursuant to M.G.L. c. 93A, § 9(3).

8. Defendant has failed or refused to make an offer of reasonable settlement.

**COUNT I**
**Negligent Violation of 47 U.S.C. § 227, 47 C.F.R. § 64.1200(c)(2), 47 C.F.R. § 64.1200(b)(1), and 47 C.F.R. § 64.1200(d)(4)**

9. Defendant's conduct in placing calls to Plaintiff's telephone to deliver an unsolicited advertisement and/or to make an unsolicited telephonic sales call to Plaintiff without Plaintiff's prior express consent or approval constitutes a violation of the Telephone Consumer Protection Act (the "TCPA") 47 U.S.C. § 227 et. seq., 47 C.F.R. § 64.1200(c)(2), 47 C.F.R. § 64.1200(b)(1), and 47 C.F.R. § 64.1200(d)(4), and therefore Plaintiff is entitled to an award of statutory damages in the minimum amount of $500.00 for each call made.

**COUNT II**
**Knowing and/or Willful Violation of 47 U.S.C. § 227, 47 C.F.R. § 64.1200(c)(2), 47 C.F.R. § 64.1200(b)(1), and 47 C.F.R. § 64.1200(d)(4)**

10. Plaintiff incorporates herein by reference paragraphs 1 through 9, inclusive, of this Complaint.

11. Defendant's conduct in placing calls to Plaintiff's telephone to deliver an unsolicited advertisement and/or to make an unsolicited telephonic sales call to Plaintiff without Plaintiff's prior express consent or approval constitutes a knowing and willful violation of the Telephone Consumer Protection Act (the "TCPA") 47 U.S.C. § 227 et. seq., 47 C.F.R. § 64.1200(c)(2), 47 C.F.R. § 64.1200(b)(1), and 47 C.F.R. § 64.1200(d)(4), and therefore Plaintiff is entitled to an award of statutory treble damages in the amount of $1,500.00 for each call made.

**COUNT III**
**Negligent Violation of M.G.L. c 159C, § 3 pursuant to M.G.L. c 159C, § 8(b)**

12. Plaintiff incorporates herein by reference paragraphs 1 through 11, inclusive, of this Complaint.

13. Defendant's conduct in placing calls to Plaintiff's telephone within twelve months of the initial call to deliver an unsolicited advertisement and/or to make an unsolicited telephonic sales call to Plaintiff without Plaintiff's prior express consent or approval constitutes a violation of M.G.L. c 159C, § 3. Plaintiff is entitled to an award of statutory damages in the amount of $5,000.00 and an injunction from further calls pursuant to M.G.L. c. 159C, § 8.

**COUNT IV**
**Violation of G.L. c. 93A, § 2 pursuant to M.G.L. c. 93A, § 9**

14. Plaintiff incorporates herein by reference paragraphs 1 through 13, inclusive, of this Complaint.

15. Defendant's conduct in placing calls to Plaintiff's phone to deliver unsolicited advertisements and/or to make an unsolicited telephonic sales call to Plaintiff without Plaintiff's prior express consent or approval constitutes a knowing and/or willful violation of G.L. c. 159C, § 3 hence a knowing and willful violation of G.L. c. 93A, § 2. Defendant's willful action entitles Plaintiff to an award of treble damages in the minimum amount of $15,000.00, plus attorney's fees and costs.

16. Defendant's failure to register annually with the Office of Consumer Affairs and Business Regulation pursuant to 201 C.M.R 12.04 constitutes a knowing and/or willful violation of G.L. c. 159C, §3 hence a knowing and willful violation of G.L. c. 93A, § 2. Defendant's action entitles Plaintiff to an award of treble damages in the minimum amount of $15,000.00, plus attorney's fees and costs.

**COUNT V**
**Violation of G.L. c. 214, § 1B**

17. Plaintiff incorporates herein by reference paragraphs 1 through 16, inclusive, of this Complaint.

18. The United States Congress and the Massachusetts Legislature enacted their respective "Do Not Call Statutes" in order to protect consumers' privacy interests.

19. The Federal Trade Commission, the Federal Communications Commission, and the Office of the Massachusetts Attorney General have identified at least 127 complaints for telemarketing violations against Defendant for the period January 1, 2019 to September 19, 2019 alone.

20. By making unsolicited and unwanted calls to Plaintiff's registered telephone number, Defendant harmed the Plaintiff by infringing on Plaintiff's privacy interests.

21. Defendant's unsolicited and unwanted calls to Plaintiff's registered cell phone number for the purpose of economic gain were intrusive and unreasonably interfered with Plaintiff's solitude and seclusion thereby violating his privacy interests and his right to be left alone.

22. The repeated and persistent violation of Plaintiff's privacy interests and right to be left alone disrupted his daily routine, made his telephone line repeatedly unavailable, and substantially and seriously interfered with Plaintiff's right to privacy.

23. As a result of Defendant's unreasonable, substantial and serious interference with Plaintiff's right to privacy, Plaintiff has suffered damage, including but not limited to, rendering his phone unavailable, intruding on his seclusion in his home, disrupting his routine, and requiring Plaintiff to take affirmative action to protect the rights Defendant willfully violated.

## PRAYER FOR RELIEF

Wherefore Plaintiff prays for the following relief on his forgoing Claims against Defendant:

A. For Defendant's negligent violations of 47 U.S.C. § 227, an award to Plaintiff of no less than statutory damages of $500.00 per call for twenty-two (22) calls ($11,000) plus reasonable attorney's fees and costs.

B. For Defendant's knowing and/or willful violations of 47 U.S.C. § 227, an award to Plaintiff of no less than statutory damages of $1,500.00 per call for twenty-two (22) calls ($33,000) plus reasonable attorney's fees and costs.

C. For Defendant's negligent violations M.G.L. c. 159C, an award to Plaintiff of no less than statutory damages of $5,000 plus reasonable attorney's fees and costs.

D. For Defendant's willful and/or knowing violations M.G.L. c. 159C and M.G.L. c. 93A, an award to Plaintiff of no less than treble damages of $15,000, plus reasonable attorney's fees and costs.

E. To prohibit the Defendant from continuing to violate M.G.L. 159C and 47 U.S.C. § 227, the imposition of injunctive relief, both preliminary and permanent, against Defendant pursuant to M.G.L. 159C, § 8, plus reasonable attorney's fees and costs.

F. To prohibit the Defendant from continuing to violate M.G.L. 159C and 47 U.S.C. § 227, the imposition of injunctive relief, both preliminary and permanent, against Defendant pursuant to M.G.L. 159C, § 8, plus reasonable attorney's fees and costs.

G. For Defendant's violation of Plaintiff's privacy rights pursuant to M.G.L. c. 214, § 1B, compensatory damages, special damages and general damages to be determined at trial.

H. All such other relief, legal and equitable, as the Court deems mete and just.

**JURY DEMAND**

Plaintiff Contos hereby demands a trial by jury on each claim asserted or hereafter asserted in the Complaint, and on each defense asserted or hereafter asserted by any Defendant.

Dated: January 2, 2020

Respectfully submitted,

Harris Contos, Plaintiff
Pro se

21 Bob-O Link Lane
W. Yarmouth, MA 02673
508-775-9339